900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Timothy SEAY, by next friend Agnes SEAY, Plaintiff-Appellant,
v.
Judy SEATON, Defendant,
Paul FOX; Greene County Board of Education, Defendants-Appellees.
 No. 89-5665.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1990.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Agnes Seay brought this suit on behalf of her son, Timmy Seay, a mentally handicapped special education student at DeBusk Elementary School, in connection with allegations of sexual abuse. The district court directed a verdict in favor of school principal Paul Fox and the Greene County Board of Education. Because there was no evidence that the actions of the principal and the board of education were substantial factors leading to the denial of Timmy Seay's constitutional rights, we affirm the decision of the district court.
 
 I.
 
 2
 During the 1986-87 school year, 16-year-old Timmy attended a resource class taught by Jama Carroll at DeBusk Elementary. Judy Seaton was a teacher's aide assigned to Mark Cooter, a physically handicapped special education student who also attended the resource class. Dr. Paul Fox was the principal of DeBusk Elementary School.
 
 
 3
 On four occasions, Dr. Fox received reports concerning the behavior of Judy Seaton. On March 20, 1987, Carroll and an aide informed Fox that Seaton had put her arm around Timmy Seay and touched him on the knee. At that time, Fox instructed Carroll to have Timmy work with the janitor for the half-hour that Mark Cooter and Seaton were in the resource class. On May 19, Mark Cooter's mother informed Fox that Seaton had left Mark alone in the bathroom stall (in violation of school rules) while Timmy Seay was also in the bathroom. She also reported that she had seen Seaton touch Timmy and kiss him on the neck while Seaton and Timmy were at the Cooter home. Fox instructed Carroll to be sure that no one else was in the bathroom with Seaton and Mark Cooter and asked that she talk to Timmy to try to learn whatever else she could. On May 25, Carroll informed Fox that Timmy had told her his "relationship" with Seaton was over. Fox asked Carroll to see if she could learn anything more about the situation. On June 1, Carroll and another teacher informed Fox (who was at home ill) that Seaton had stated that morning that she was going to divorce her husband and marry Timmy Seay. Fox went to the school, met with Carroll and the other teacher, and called Agnes Seay. When Ms. Seay arrived, Fox told her everything he and the teachers knew. Later, Fox confronted Seaton in his office in the presence of the teachers. Seaton resigned the next day. Fox had the guidance counselor speak to Timmy and called the Tennessee Department of Human Services to have it investigate the matter. Judy Seaton later pled guilty to three counts of child abuse.
 
 
 4
 Agnes Seay brought an action under 42 U.S.C. Sec. 1983 on behalf on Timmy against Seaton, the Board of Education, and Dr. Fox, alleging unconstitutional intrusion on Timmy's personal privacy and bodily security. Against Seaton, Seay also alleged state law claims of assault and battery, false imprisonment, outrageous conduct, intentional infliction of emotional distress, and negligence. Against Fox, she alleged state law claims of outrageous conduct and gross negligence. At the close of plaintiff's proof, the district court directed verdicts in favor of Fox and the Board of Education on all the constitutional and state law claims. The claims against Seaton were tried to a jury, which found in favor of Seaton on all claims. Seay now appeals the directed verdicts for Fox and the Board of Education, but does not appeal the verdict with respect to Seaton.
 
 II.
 
 5
 In order to state a constitutional claim under Section 1983 for failure to take actions to prevent violation of a constitutionally protected right, a plaintiff must show (1) that the failure to act was a substantial factor leading to the denial of the right and (2) that the defendants displayed deliberate indifference toward the constitutional violation. Doe v. New York Department of Social Services, 649 F.2d 134, 141 (2d Cir.1981), cert. denied, 464 U.S. 864 (1983).
 
 
 6
 Seay's constitutional claims are based on the argument that Fox's failure to inform the parents immediately of the reports he received and his failure immediately to confront Seaton constituted deliberate indifference to the sexual abuse of Timmy Seay and that the Board failed adequately to supervise or train Seaton in the performance of her job. The district court found that Fox's actions were not a substantial factor leading to the denial of Timmy's rights because whatever sexual attacks occurred had already taken place before Fox obtained any knowledge of them. We agree with the district court that there is no substantial evidence in the record from which a jury could find that Fox or the Board of Education was liable for any sexual attacks upon Timmy Seay.
 
 
 7
 It is not clear from the record when and in what way any sexual abuse occurred.[1] Although the complaint states that sexual attacks took place throughout March, April, and May, appellant produced no evidence that sexual attacks, as distinct from the reported touching incidents, occurred after March 20, 1987, when Fox was first notified of Seaton's unusual behavior. Moreover, there is no evidence from which a jury could find that Fox displayed deliberate indifference to Timmy's constitutional rights. The reports received by Fox indicated the possible presence of a problem, the extent of which was speculative. In each instance, Fox took some action to respond to the report, including increased efforts to investigate further. None of the incidents reported to Fox included evidence of sexual abuse. The touching and kissing incidents reported to Fox on March 20 and May 19, 1987 were not explicitly sexual in nature and the reports of May 25 and June 1 did not involve physical contact between Timmy and Seaton. After receiving the fourth report, Fox informed Timmy's mother and confronted Seaton. Fox's actions do not indicate deliberate indifference to Timmy's civil rights.
 
 
 8
 The district court also properly directed a verdict for Fox on the state law claims of outrageous conduct and gross negligence, as both claims were related to the element of deliberate indifference in the Sec. 1983 claim.
 
 
 9
 The district court found that even under the assumption that the Board of Education had failed adequately to train or supervise Seaton, a constitutional claim was not established because there was no evidence that such failure was causally related to the alleged sexual attacks. We find that the district court's reasoning conforms to the standard established by the Supreme Court in City of Canton v. Harris, 109 S.Ct. 1197 (1989). In a case involving an alleged failure of police to provide medical attention to a person in custody, the Court held that inadequacy of training could serve as the basis of a Sec. 1983 action against the city only where the failure to train amounted to deliberate indifference to constitutional rights. The Court explained that liability required a showing that an entire training program was defective; showing that an individual police officer was unsatisfactorily trained "will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." 109 S.Ct. at 1206. As the Court noted, permitting Sec. 1983 liability for failure to train in every case in which the plaintiff can point to something the defendant "could have done" to prevent the unfortunate incident would result in de facto respondeat superior liability, a result rejected in Monell v. New York City Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018 (1978). 109 S.Ct. at 1206.
 
 
 10
 The district court did not err in directing a verdict for the Board on the state law claim of common law negligence, as that claim related to the allegation that the Board failed properly to train or adequately to supervise Seaton. Nor did it err in finding insufficient evidence to support appellant's state law claim of false imprisonment against the Board.
 
 
 11
 For the foregoing reasons, the decision of the district court in AFFIRMED.
 
 
 
 [1]
 Although counsel for appellant claims that Seaton's conviction for child abuse related to incidents that occurred between Seaton and Timmy, the ultimate jury acquittal of Seaton on all claims in the case of which this appeal is a part raises a question as to whether liability can be found under Sec. 1983 for failure to prevent a violation of a constitutional right where there is a verdict in the same case that the underlying constitutional violation never took place. Given our disposition of the case, we do not reach the issue. We note, however, that in Holloway and Bradley v. McIntyre, No. 86-1001, 86-1898 (6th Cir. February 4, 1988) (unpublished), this court held inconsistent a jury verdict that found the City of Detroit liable under Sec. 1983 while at the same time finding that none of the police officers involved in the alleged incident was liable under Sec. 1983